# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# AT SAINT JOSEPH DIVISION

| | |
|---|---|
| **BARRY R. ARTHUR** ) | |
| 7323 NW Center Road ) | |
| Cameron, Missouri 64428, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| **MICHEAL J. HARLAN** ) | Division |
| 10778 County Road 19 ) | |
| Heflin, Alabama 35264 ) | **JURY TRIAL DEMANDED** |
| ) | |
| and ) | |
| ) | |
| **L. E. BELL CONSTRUCTION COMPANY,** ) | |
| **INC.** ) | |
| <u>Service via Registered Agent</u>: ) | |
| Larry E. Bell ) | |
| 1226 County Road 11 ) | |
| Heflin, Alabama 36264 ) | |
| ) | |
| and ) | |
| ) | |
| **DAIRYLAND INSURANCE COMPANY** ) | |
| <u>Service via Missouri Department of Insurance</u>: ) | |
| Director of Department of Insurance, or in her ) | |
| absence, to the Deputy Director of the Department, ) | |
| or in the absence of both the Director and Deputy ) | |
| Director, to the Chief Clerk of the Department ) | |
| 301 W. High St., Room 530 ) | |
| Jefferson City, Missouri 65101 ) | |
| ) | |
| **Defendants.** ) | |

## **COMPLAINT**

COMES NOW Plaintiff Barry R. Arthur by and through undersigned counsel, and states as follows for his Complaint against Defendants Micheal J. Harlan, L. E. Bell Construction Company, Inc., and Dairyland Insurance Company:

## GENERAL ALLEGATIONS

1.      Plaintiff Barry R. Arthur is an individual residing in Cameron, Missouri, and is a citizen of the State of Missouri.

2.      Defendant Micheal J. Harlan is an individual residing in Heflin, Alabama, and is a citizen of the State of Alabama.

3.      Defendant L. E. Bell Construction Company, Inc. is a corporation which is organized, formed and existing under the laws of the Alabama and which has its principal place of business in Alabama, and that is a citizen of the State of Alabama.

4.      Defendant Dairyland Insurance Company is a corporation which is organized, formed and existing under the laws of Wisconsin and which has its principal place of business in Wisconsin, and that is a citizen of the State of Wisconsin.

5.      Venue and personal jurisdiction are proper with this Court because the vehicular accident which is the basis for this suit occurred in Livingston County, Missouri, Defendants conducted business in Livingston County, Missouri at all times relevant hereto including at the time of the subject vehicular accidents, and the subject insurance policy provided coverage for vehicular accidents throughout Missouri including in Livingston County, Missouri.

6.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. Sec. 1332(a) based on diversity of citizenship, in that Plaintiff and Defendants are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00 (Seventy-Five Thousand Dollars).

**COUNT I – NEGLIGENCE AGAINST DEFENDANTS HARLAN AND L.E. BELL CONSTRUCTION**

7. Plaintiff incorporates by reference the allegations of paragraphs 1 through 6 above as though set forth fully herein.

8. On or about July 24, 2014, at approximately 6:15 a.m., Defendant Micheal J. Harlan was the driver of a 2001 white Ford F-350 pick-up truck, which was owned, operated and/or controlled by Defendant L. E. Bell Construction Company, Inc., traveling eastbound on US 36 Highway and intending to turn right onto Route D, in Livingston County, Missouri.

9. On or about July 24, 2014, at approximately 6:15 a.m., Plaintiff Barry Arthur was the driver of a Harley Davidson Ultra Classic motorcycle, which was traveling eastbound on US 36 Highway behind the abovementioned 2001 white Ford F-350, at or near the intersection with Route D in Livingston County, Missouri.

10. US 36 Highway at the location of the motor vehicle accident in question is a generally east-west highway and a public thoroughfare in the State of Missouri.

11. At the time of the subject vehicular accident, Defendant Micheal J. Harlan was driving in the course and scope of his employment and agency with Defendant L. E. Bell Construction Company, Inc.

12. On or about the above-described date, place and time, Defendants Micheal J. Harlan and L. E. Construction Company, Inc. negligently failed to exercise the highest degree of care in the operation of the 2001 white Ford F-350 pick-up truck in that:

    a. Defendants failed to keep a careful lookout for other vehicles including that of this Plaintiff and the trucks slowing and/or stopping in the highway ahead of Defendants;

    b. Defendants failed to adequately signal an intention to turn;

3

c. Defendants suddenly slowed Defendants' automobile on the highway without first giving an adequate and timely warning of Defendants' intention to slow;

d. Defendants suddenly slowed Defendants' automobile on the highway without first giving an adequate and timely warning of Defendants' intention to stop; and/or

e. Defendants failed to maintain control of Defendants' automobile and stay in Defendants' lane of traffic.

13. As a direct and proximate result of Defendants' negligent actions and omissions, Plaintiff lost control of his motorcycle and wrecked his motorcycle.

14. As a direct and proximate result of Defendants' negligent actions and omissions, Plaintiff Barry Arthur sustained personal injuries to his body and Plaintiff sustained property damage to his motorcycle.

15. As a direct and proximate result of the aforementioned injuries, Plaintiff Barry Arthur has incurred and may continue to incur health care provider bills, has lost income and may in the future lose income, has incurred and will continue to incur pain and suffering, mental anguish and loss of enjoyment of life, and has lost the value of and/or incurred expenses for the repair of his motorcycle.

**WHEREFORE**, Plaintiff Barry R. Arthur prays that this Court enter judgment in his favor and against Defendants Micheal J. Harlan and L. E. Bell Construction Company, Inc. for compensatory damages in an amount that is fair and reasonable and in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of interest and costs, plus court costs, plus post-judgment interest, and for such other and further relief as is just and proper.

**COUNT II – UNINSURED MOTORIST CLAIM AGAINST DEFENDANT DAIRYLAND INSURANCE**

16. Plaintiff incorporates by reference the allegations of paragraphs 1 through 15 above as though set forth fully herein.

17. At all times relevant hereto, including but not limited to the time of the subject vehicular accident, Defendant Dairyland Insurance Company has been an insurance company as defined by the applicable Missouri statutes.

18. Plaintiff was covered on July 24, 2014 through a motorcycle insurance policy issued by Defendant Dairyland Insurance Company, Policy Number MO234231333, which included uninsured motorist coverage.

19. Under the terms of the uninsured motorist coverage provided by Defendant Dairyland Insurance Company, Defendant is obligated to compensate Plaintiff for the personal injuries he sustained as a result of the July 24, 2014 vehicular accident described above, particularly because such personal injuries were caused or contributed to be caused by the negligent acts of the phantom motorist truck(s) in front of Defendants Harlan and L.E. Bell Construction's truck which caused Defendants Harlan and L.E. Bell Construction to stop or slow suddenly in the highway.

20. On or about the above-described date, place and time, the phantom motorist(s) negligently failed to exercise the highest degree of care in the operation of their truck(s) in that:

    a. The phantom motorist(s) failed to adequately signal an intention to turn;

    b. The phantom motorist(s) suddenly slowed their automobile(s) on the highway without first giving an adequate and timely warning of their intention to slow;

    c. The phantom motorist(s) suddenly slowed their automobile(s) on the highway without first giving an adequate and timely warning of their intention to stop; and/or

5

Case 5:19-cv-06090-FJG   Document 1   Filed 07/23/19   Page 5 of 6

d. The phantom motorist(s) failed to maintain control of their automobile(s) and stay in their lane of traffic.

21. As a direct and proximate result of the phantom motorist(s)'s negligent actions and omissions, Plaintiff lost control of his motorcycle and wrecked his motorcycle.

22. As a direct and proximate result of the phantom motorist(s)'s negligent actions and omissions, Plaintiff Barry Arthur sustained personal injuries to his body.

23. As a direct and proximate result of the aforementioned injuries, Plaintiff Barry Arthur has incurred and may continue to incur health care provider bills, has lost income and may in the future lose income, and has incurred and will continue to incur pain and suffering, mental anguish and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Barry R. Arthur prays that this Court enter judgment in his favor and against Defendant Dairyland Insurance Company for compensatory damages in an amount that is fair and reasonable and in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of interest and costs, plus court costs, plus post-judgment interest, and for such other and further relief as is just and proper.

**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY.**

/s/ Scott A. Hunter
Scott A. Hunter    MO #46518
HUNTER & CASSIDY, LLC
Rivergate Business Center
600 Broadway Blvd., Suite 490
Kansas City, Missouri 64105
Telephone: (816) 421-1377
Facsimile: (816) 421-1833
E-Mail: shunter@huntercassidylaw.com

*ATTORNEYS FOR PLAINTIFF*